Chancellor Rutledge
deli vered the decree of the court:
This suit is brought by the complainants T. Cape, and Mary his wife, against the executor of N. Adams, her father, and the administrator of her brother N. Adams, to be let into the absolute and unqualified possession of the s legacy bequeathed her by her father, and the distributive share of her brother’s personal estate; and also against the administrator of her former husband J. J affray, who opposes their claim on behalf of the creditors of Jaffray, in consequence of a deed executed by him previous to his *568 marriage with complainant Mary, whereby her estate is agreed by him to be limited over to his heirs upon the death of the survivors of him and his wife, without children of the marriage: The hill states, and it is admitted, that she married Mr, Jaffray at the age of fifteen ycav^ wp,hout the consent of her guardian; that the deed was made by Jaffray without the privity of his wife or her friends, and they are not parties to it. It is also admitted that the executors never assented to the legacy, nor was Jaffray ever in possession of any part of his wife’s estate; nor is there any proof in the case that he everas-signed any part of it to any person whatever. Such be-“S the incontrovertible state of facts, the question for consideration is, whether the deed executed by Jaffray Previous to Ids marriage, under all the circumstances of it, shall be obligatory and binding on his wife no way r privy 01' consenting thereto, and transfer her right or interest in her own property to his creditors for payment of . , , , . . „ * J . . debts contracted beiore their mamage; tor it would not °- auy argument, that if he had married without making a settlement, and was obliged to come into this cou1^ got her fortune, he would not have been allowed to receive a shilling unless he had made such a settlement as the C0iu't should direct. If then he could not have got the estate without a suitable settlement, is this such an ono as the c0l*rt would have ordered ? Certainly not; from the uniform tenor of settlements directed by the eonrt of the wife’s fortune, it has been invariably on the *SS!i0 °f her body generally, and not of the present marriage; because it would be both unjust and inequitable to Jim£t tlie estate of the wife to the issue of the first marriage, in exclusion of those which she might have by a fu« *ure husband. If therefore Jaffray had come forward to demaud his wife’s fortune under such a deed as the pre-sclTt> accompanied with all the unfavorable circumstan-ccs which attended this transaction, he certainly would n°t have obtained the aid of this court. His creditors therefore standing in his place, can be in no better sitúa-tiohi than he would have been; because they must take the estate, subject to all the incumbrances that it would have *569 been liable to in his hands. None of the cases respecting the assignees of bankrupts are applicable to the present; because it does not appear that any of Jaffray’s creditors have any legal lien upon his estate. The case of Jewson vs. Moulson, which is a very strong one, and has very many of the circumstances attending it that this has, does not immediately apply, because there the husband had disposed of the whole of his wife’s property for a valuable consideration. In the case before us, there has been no assignment : yet, even in the former case, the lord chancellor obliged the assignee to come to terms. In this case, however, so far from Jaffray’s creditors having any lien or claim upon this estate, he himself, by the deed which he executed, has expressly declared that it should be considered as a separate and distinct estate from his own, and no ways liable to the payment of any of his debts: but it is unnecessary to refer to books for authorities in this cane, because the determination of this court, in the case, of the administrator of Harleston vs. Hamil > ton, furnishes a precedent, and is directly in point. In that case, Harleston, by a marriage bond, agreed to settle half of his wife’s fortu ne upon her; and she became entitled after her marriage to a considerable personal estate under the will of her brother, which was never reduced into possession by Harleston — be died insolvent. His administrators in behalf of creditors, fled a bill in this court against his widow, in order to obtain possession of this property. The court decreed that as Harleston had never reduced it into possession, upon his death, it survived to his wife. So in the present case, as the executors have not only never assented to the legacy to the complainant, but have always objected to the inadequacy of the settlement made by said Jaffray; and as the administrators of'N. Adams the younger, never did make anj division and settlement of his estate; and as Jaffray, in his lifetime never reduced the estate into his possession, and could not receive it without the assent of the executor or the aid of this court; we are therefore of opinion that the whole of it on his death survived to his wife the complainant Mary. Let the plea be overruled, and refer it *570 to the master to state the account of the executor and administrator; and as the complainant Mary is still a minor, report a proper settlement to be made by complainant T. Cape. Costs to bp paid out of the estate.